FILED'06 JUN 08 12:22 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DALE DAVIDSON,

       Petitioner,          Civil No. 00-074-AA

    v.                            ORDER

CHARLES DANIELS,

       Respondent.

AIKEN, District Judge.

    Petitioner, a federal inmate in the custody of the Bureau of Prisons, filed a petition under 28 U.S.C. § 2241 alleging that his Eighth Amendment rights were violated when medical staff at FCI Sheridan were deliberately indifferent to the pain he suffered due to kidney stones.

    Habeas corpus is not ordinarily available to challenge conditions of confinement. See, 28 U.S.C. § 2241; Bada v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). A federal civil rights action is the "proper remedy" for a prisoner "who is making a

1 - ORDER

constitutional challenge to the conditions of his prison life." Preiser v. Rodriguez, 411 U.S. U.S. 475, 488-490 (1973); see also, Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

However, there is authority that the preferred practice is not mandatory, See, Muhammed v. Close, 540 U.S. 749 (2004); Nelson v. Campbell, 541 U.S. 637 (2004), and that petitioner may pursue his claim herein in a habeas proceeding.[1] Therefore I will address petitioner's claim on the merits.

The relevant facts are as follows: On February 4, 2003, petitioner complained of blood in his urine and pain in his side. He was provided Percocet to alleviate pain from possible kidney stones. Petitioner was seen again for the same complaints on February 11, 2003 and was again prescribed Percocet.

On February 21, 2003, petitioner again presented wih pain in his kidney. Based on the evaluation of Mid-Level Practitioner Balsamo's evaluation that petitioner did not appear to be in significant pain, petitioner was prescribed Indocin and referred for a urology consult. On March 28, 2003,

---

[1] Petitioner's claim for $100 to reimburse him for expenses related to filing his claim is clearly not recoverable in a habeas proceeding. Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Sisk v. Branch, 974 F.2d 116, 117 (9th Cir. 1991). Petitioner has withdrawn this claim. See, Reply Brief (# 17) p. 2.

2 - ORDER

petitioner was seen for kidney pain and was prescribed Naproxen by Dr. Busolan.

On April 14, 2003, petitioner was seen by Physician's Assistant DeLisle, at which time he provided a kidney stone which he had passed. The stone was sent out for analysis. Petitioner denied any pain at that time, but presented with increasing pain on April 28, 2003, at which time he was prescribed Percocet and Tylenol.

Petitioner presented with "off and on" pain on May 2, 2003. He was prescribed Indocin and Tylenol. He again presented with increasing pain on May 8, 2003 and was prescribed Percocet. On May 15, 2003, petitioner was examined by an outside Urologist.

Petitioner was seen again on June 13, 2003, when he complained of mild pain and was referred for a follow-up with the Urologist. On June 18, 2003, petitioner presented with pain from kidney stones and was prescribed Nubain and Percocet for pain management.

On October 29, 2003, Dr. Tolentino referred petitioner for a Urology consult. On December 16, 2003, he presented with major pain and was prescribed Nubain and Percocet. He was seen again on December 19, 2003, at which time he was again prescribed Percocet.

Petitioner did not complain of pain related to kidney

3 - ORDER

stones again until June 18, 2004, at which time he was prescribed Nubain and Percocet. Petitioner returned complaining of pain on June 20, 2004 and was provided an injection of Nubain for his pain management. He returned on June 21, 2004, for a follow-up, at which time he was provided Toradol for pain management. Petitioner did not present with pain from kidney stones again until April 22, 2005, at which time he was prescribed Motrin for pain.

Petitioner was seen by Dr. Bay on February 24, 2006, at which time he reported that he had not experienced pain related to kidney stones since April, 2005.

In summary, the Declaration of Dr. Rebecca Bay (#10) indicates that petitioner has been seen and treated for kidney stones by FCI Sheridan Health Services staff and outside consultants on at least 21 occasions since his arrival at the institution on March 26, 2002. Petitioner's last complaint regarding kidney stones was April 22, 2005, when he was treated by Mid-Level Practitioner Rolando Balsamo, followed by an appointment with Dr. Aslam, the Clinical Director at FCI Sheridan, on May 8, 2005. Since that time, petitioner has been seen on numerous ocasions for other ailments, but has not complained of kidney stones or related symptoms since April 2005.

In order to establish an Eighth Amendment claim that

medical treatment has been denied or inadequately rendered, a prisoner must prove that there has been a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

Whether a medical condition is serious is ordinarily a question left to physicians, Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir. 1991) Davis v. Jones, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id., 936 F.2d at 972.

Medical malpractice, even gross malpractice, does not amount to a violation of the Eight Amendment, see, Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. See, eg., Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970); McKinney v. People of the State of California, 427 F.2d 160 (9th Cir. 1970) (per curiam) and the cases collected in the Annotation, Relief Under Federal Civil Rights Act to State Prisoner Complaining of Denial of

5 - ORDER

Medical Care, 28 A.L.R. Fed. 179, 366-379 (1976).

Because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment." Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1985).

In this case it is undisputed that kidney stone pain is a serious medical condition. However, the record reflects that during each kidney stone incident, plaintiff's pain was evaluated by a healthcare provider and medications were prescribed. Petitioner's own recitation of the facts giving rise to his claim (set forth in his Reply Brief (#17) indicates that petitioner received medical attention for each of his complaints and ongoing treatment for his kidney problems.

Petitioner's primary argument seems to be that Mid-Level Practioner Balsamo has on occasion refused to prescribe or administer Percocet or Nubian based on his evaluation that petitioner was exaggerating his symptoms.  Petitioner also argues that P.A. Balsamo's response to his complaints differs for Dr. Saltzberg's.  As set forth above, it is not appropriate for the court to second guess medical judgment.

Although plaintiff may disagree with the course of

6 - ORDER

treatment he received, his opinion does not give rise to a claim under the Eighth Amendment. <u>See</u>, <u>Miranda v. Munoz</u>, <u>supra</u>. There is no evidence that Warden Daniels or any of the FCI Sheridan medical staff was deliberately indifferent to plaintiff's serious medical needs.

Petitioner's petition (#1) is denied. This proceeding is dismissed.

DATED this 7 day of June, 2006.

_____
Ann Aiken
United States District Judge

7 - ORDER